UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JIMMY R. BOLDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:09-CV-457 |
| | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 11 and 12] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 18 and 19]. Plaintiff Jimmy R. Bolden ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the Defendant, Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On July 28, 2008, Plaintiff filed an application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), claiming a period of disability which began July 21, 2008. [Tr. 9]. After his application was denied initially and also denied upon reconsideration, the Plaintiff requested a hearing. On April 1, 2009, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 9]. On April 22, 2010, the ALJ found that the Plaintiff was not disabled. [Tr. 13]. The Appeals Council denied Plaintiff's request for review; thus, the decision of the ALJ became the final decision of the Commissioner. [Tr. 3]. The Plaintiff now

seeks judicial review of the Commissioner's decision.

## I. ALJ FINDINGS

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2012.

2. The claimant has not engaged in substantial gainful activity since July 21, 2008, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

3. There are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant has not been under a disability, as defined in the Social Security Act, from July 21, 2008 through the date of this decision (20 CFR 404.1520(c) and 416.920(c)).

[Tr. 11-12].

## II. DISABILITY ELIGIBILITY

An individual is eligible for DIB payments if he is insured for DIB, has not attained retirement age, has filed an application for DIB, and is under a disability. 42 U.S.C. § 423(a)(1). An individual is eligible for SSI payments if he has financial need and he is aged, blind, or under a disability. 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful

work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. § 423(d)(2)(A); 42 U.S.C. § 1382c(a)(3)(B).

Whether a DIB or SSI claimant is under a disability is evaluated by the Commissioner pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant bears the burden of proof at the first four steps. Walters, 127 F.3d at 529. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the

correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated

by the regulations and rulings[1] promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004) ("Although substantial evidence otherwise supports the decision of the Commissioner in this case, reversal is required because the agency failed to follow its own procedural regulation, and the regulation was intended to protect applicants like [plaintiff]."); id. at 546 ("The general administrative law rule, after all, is for a reviewing court, in addition to whatever substantive factual or legal review is appropriate, to 'set aside agency action...found to be...without observance of procedure required by law.'") (quoting 5 U.S.C. § 706(2)(d) (2001)); cf. Rogers, 486 F.3d at 243 (holding that an ALJ's failure to follow a regulatory procedural requirement actually "denotes a lack of substantial evidence, even when the conclusion of the ALJ may be justified based upon the record"). "It is an elemental principal of administrative law that agencies are bound to follow their own regulations," and the Court therefore "cannot excuse the denial of a mandatory procedural protection . . . simply because there is sufficient evidence in the record" to support the Commissioner's ultimate disability determination. Wilson, 378 F.3d at 545-46. The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if his ultimate decision was supported by

---

[1] See Blakley, 581 F.3d at 406 n.1 ("Although Social Security Rulings do not have the same force and effect as statutes or regulations, '[t]hey are binding on all components of the Social Security Administration' and 'represent precedent final opinions and orders and statements of policy' upon which we rely in adjudicating cases.") (quoting 20 C.F.R. § 402.35(b)).

5

substantial evidence *and* the error did not deprive the claimant of an important benefit or safeguard. See id. at 547 (holding that an ALJ's violation of the rules for evaluating the opinion of a treating medical source outlined in 20 C.F.R. § 404.1527(d) was a deprivation of an "important procedural safeguard" and therefore not a harmless error). If a procedural error is not harmless, then it warrants reversing and remanding the Commissioner's disability determination. Blakley, 581 F.3d at 409 (stating that a procedural error, notwithstanding the existence of substantial evidence to support the ALJ's ultimate decision, requires that a reviewing court "reverse and remand unless the error is a harmless *de minimis* procedural violation").

On review, Plaintiff bears the burden of proving his entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**IV.    ANALYSIS**

On appeal, the Plaintiff argues that the ALJ's determination that the Plaintiff is not disabled is not supported by substantial evidence. The Plaintiff contends the ALJ erred in finding that the Plaintiff does not have a medically determinable impairment. [Doc. 12 at 7]. The Commissioner, in response, contends that substantial evidence supports the ALJ's disability determination, because even if the ALJ made an error, which the Commissioner denies that he did, the error was harmless. [Doc. 19 at 6].

The issue now before the Court turns on the second step of the disability analysis. At step two, the ALJ found that there were "no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." [Tr. 11]. Thereafter the ALJ included, what is essentially, two paragraphs of boilerplate legal standards followed by an approximately four

6

paragraph discussion of the Plaintiff's condition, which constitutes the entirety of the ALJ's substantive opinion. [Tr. 12].

The ALJ's discussion, among other things, notes that the Plaintiff claims to: have lost 57 lbs, to arrive at his present weight of 118 pounds; have muscle athropy; suffer from pain in his ankles, hands, and feet; have been diagnosed with diabetes mellitus; and suffer from rectal pain as a result of an unhealed abscess. [Tr. 12]. The ALJ did not discuss any grounds for discounting the Plaintiff's subjective descriptions of his symptoms. The ALJ describes the medical evidence of record including a diagnosis of no worsening conditions by a consulting physician, John P. Fields, M.D. [See Tr. 12 citing Report of Contact at Tr. 233]. However, the ALJ excluded any mention of Dr. Fields's diagnosis of diabetes mellitus and rectal infection, which is found in Dr. Fields's report in the sentence immediately preceding the comment about the conditions not worsening. [Tr. 233]. The ALJ's discussion includes more descriptions of the Plaintiff's conditions and the pain that is likely to occur as a result of the conditions before concluding "there are no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment." [Tr. 12].

Reviewing the ALJ's decision and the medical evidence of record, the Court finds that the medical evidence of record indicates that the Plaintiff did indeed suffer from diabetes. Records from the Interfaith Clinic, a treating provider, from July 24, 2008, and August 4, 2008, diagnose the Plaintiff with diabetes and describe his symptoms, just after the alleged onset date. [Tr. 159-60]. The findings of the consulting physicians in the record support this finding, [see Tr. 172 and 233]. For example, consulting physician Joe G. Allison, M.D., noted "Physical exam and blood tests confirm [diabetes] and cellulitis/necrosis on buttocks." [Tr. 172].

The Commissioner acknowledges that the ALJ's finding "was somewhat confusing," but the

Commissioner urges the Court to read the ALJ's discussion as an analysis of the severity of the Plaintiff's condition and find only harmless error. [Doc. 19 at 6]. Among other cases, the Commissioner cites the Court to <u>Rabbers v. Comm'r of Soc. Sec.</u>, 582 F.3d 647 (6th Cir. 2009), in which the Court of Appeals for the Sixth Circuit, in its recitation of applicable law, noted that "if an agency has failed to adhere to its own procedures, we will not remand for further administrative proceedings unless 'the claimant has been prejudiced on the merits or deprived of substantial rights because of the agency's procedural lapses.'" <u>Id.</u> at 655 (quoting <u>Connor v. United States Civil Serv. Comm'n,</u> 721 F.2d 1054, 1056 (6th Cir.1983)).

The court in <u>Rabber</u>'s discussion goes much further than this statement explaining:

> But in what circumstances, if any, can an agency's noncompliance with a procedural regulation such as § 404.1520a be deemed harmless? We are aware of only one prior decision in which this circuit has addressed the issue. In an unpublished decision, this court held that an ALJ's failure to attach a PRTF to the written opinion, as required by the prior regulations, amounted to harmless error. <u>Thornsberry v. Comm'r of Soc. Sec.</u>, 37 Fed.Appx. 749, 751 (6th Cir. 2002). According to the court, the ALJ's opinion "contained an extensive analysis of [the claimant's] mental impairments, which provide[d] the essential information that would have been contained on a PRTF," and the claimant "[had] not shown how he was prejudiced by the ALJ's failure to attach a separate form." <u>Id.</u>
> Other circuits, however, have been inclined to reverse and remand in cases where an ALJ failed to follow the special procedure of § 404.1520a. Some of these circuits have left open the possibility that noncompliance with § 404.1520a can be harmless in certain circumstances. <u>See</u> <u>Kohler v. Astrue</u>, 546 F.3d 260, 269 (2d Cir. 2008) (noting that "an ALJ's failure to adhere to the regulations' special technique might under other facts be harmless"); <u>Craft</u>, 539 F.3d at 675 ("Under some circumstances, the failure to explicitly use the special technique may indeed be harmless error."); <u>see also</u> <u>Montgomery v. Shalala</u>, 30 F.3d 98, 100 (8th Cir.1994) (remanding after concluding that ALJ's error of failing to complete PRTF under prior regulations was not harmless). Other circuits have appeared to adopt a per se rule requiring remand in any case where an ALJ has failed to follow § 404.1520a and where the claimant has presented at

8

> least a colorable claim of mental impairment. See Moore v. Barnhart, 405 F.3d 1208, 1214 (11th Cir.2005); Shivel v. Astrue, 260 Fed. App'x. 88, 91 (10th Cir.2008); Selassie v. Barnhart, 203 Fed. App'x. 174, 176 (9th Cir. 2006); see also Gutierrez v. Apfel, 199 F.3d 1048, 1051 (9th Cir. 2000) (remanding for failure to comply with prior regulations); Hill v. Sullivan, 924 F.2d 972, 975 (10th Cir.1991) (same).

Rabbers, 582 F.3d at 655.

The court in Rabbers did not discount these various approaches to addressing an ALJ's failure to comply with § 404.1520. Instead, the court noted their persuasive authority, but ultimately found the ALJ's decision to be supported by substantial evidence. Id. at 661. The court found that the ALJ's failure to consider a single specific prong under the listed criteria for his alleged mental impairment constituted harmless error. Id. at 653. The court described this, so-called, "B criteria" as an "'adjudicatory tool' designed to aid the SSA in determining the severity of a claimant's mental impairment." Id. at 656. The court found that the ALJ's failure to use this tool did not constitute a failure to comply with an important procedural safeguard. Id. at 657.

In this case, the Court finds that the ALJ has not merely failed to invoke an "adjudicatory tool." The ALJ has made rulings and findings that are completely at odds with one another. The ALJ's analysis at step two simply does not comport with his finding, and his finding is controverted by the evidence in the record. While this Court will not rule on the severity of the Plaintiff's condition, there is substantial evidence in the recording to find that the Plaintiff suffered from diabetes during the alleged period of disability. Moreover, there is evidence in the record that may ultimately support finding a severe impairment and, ultimately, disability.

## V. CONCLUSION

Accordingly, the Court finds that the ALJ failed to follow agency guidelines and the applicable law and, further, finds that the ALJ's decision at step two of the procedure outlined in 20 C.F.R. § 404.1520 is not supported by substantial evidence. Therefore, it is hereby **RECOMMENDED**[2] that Plaintiff's Motion For Summary Judgment **[Doc. 11]** be **GRANTED** and that the Commissioner's Motion for Summary Judgment **[Doc.18]** be **DENIED**.

The Court **RECOMMENDS** that this case be remanded to an administrative law judge for thorough and complete analysis of the Plaintiff's diabetes, whether it constitutes a severe impairment, and whether it renders the Plaintiff disabled, pursuant to 20 C.F.R. § 404.1520.

Respectfully submitted,

  s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).